| | | | | |
|---|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | John W. Darrah | **Sitting Judge if Other than Assigned Judge** | | |
| **CASE NUMBER** | 99 C 8005 | **DATE** | 11/12/2002 | |
| **CASE TITLE** | MARY M. WICKRAMARANTE vs. MCDONALD'S RESTAURANTS OF ILL | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held. Enter Memorandum Opinion And Order. Freeman's motion for summary judgment is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| LG | courtroom deputy's initials |

Document Number: 38

date docketed: NOV 13 2002
docketing deputy initials: VM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY M. WICKRAMARANTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 8005 |
| v. ) | |
| ) | |
| McDONALD'S RESTAURANTS OF ILLINOIS, ) | Judge John W. Darrah |
| INC., and /or doing business under the name of ) | |
| McDONALD'S RESTAURANT, INC.; and ) | |
| MARK FREEMAN, ) | |
| ) | |
| Defendants. ) | |

NOV 1 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mary M. Wickramarante, ("Wickramarante"), a native of Sri Lanka, commenced an action against Defendants, McDonald's Restaurants of Illinois, Inc. and Mark Freeman ("Freeman"), alleging she was discriminated against because of her color, age, foreign birth, and difficulty with speaking the English language. Before this Court are Defendant's, Freeman's, Motion for Summary Judgment and Motion to Dismiss Pursuant to Rule 37(d).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff has failed to respond to discovery requests from Freeman and did not file a response to Freeman's Motion for Summary Judgment. However, the motion will only be granted if Defendant can demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

In support of his Motion for Summary Judgment, Freeman provides the Request to Admit Facts that was sent to Plaintiff on May 24, 2002. As of July 30, 2002, Plaintiff has not responded to the Request to Admit. Accordingly, these matters are deemed admitted. *See* Fed. R. Civ. P. 36(a); *Decos v. JoJo Motors, Inc.*, 2002 WL 598520 (N.D. Ill. April 18, 2002).

The Plaintiff's First Amended Complaint and admitted Request to Admit Facts support the following summary of facts.

Plaintiff was employed as kitchen and clean-up help at a McDonald's Restaurant in Chicago, Illinois, for several years. Plaintiff is a native of Sri Lanka and is a registered alien in the United States.

On December 10, 1997, Plaintiff fell down a stairway while working. Following the accident, "supervisory managers undertook a course of conduct designed to belittle, harass and denigrate the Plaintiff in front of her workers creating a hostile work environment." The restaurant came under the new management of Freeman, the franchisee, on November 1, 1997.

On December 22, 1997, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). The EEOC charge states that Plaintiff was sixty-five-years-old and that she was informed by her supervisor on December 10, 1997, that she was being laid off due to lack of work. On December 8, 1997, a younger female was hired by the restaurant. The charge alleges that Plaintiff

2

was discharged on December 15, 1997, because of her age. The only box checked on the EEOC charge as the basis for discrimination is "age".

Plaintiff worked for Freeman for less than twenty days ("employment period"). Plaintiff is unaware of any action or comment by Freeman relating to her color, age, nationality or gender at any time during or after her employment period. During her employment period at the restaurant, Plaintiff never heard any statements by any other employees about her color, age, nationality or gender. During her employment period at the restaurant, no other employee took any action against the Plaintiff based on her color, age, nationality or gender. The only injuries and/or damages Plaintiff sustained, giving rise to the instant case, relate to Plaintiff's December 10, 1997 fall down the stairway.

While Plaintiff's First Amended Complaint states that she was subjected to a hostile work environment and that she was fired because of color, age, and nationality, as stated above, her EEOC charge only alleges age discrimination and does not suggest any other forms of discrimination. Accordingly, Plaintiff may only bring her age discrimination claim. *See McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (plaintiff may only bring claims that were included in the EEOC charge or those that are reasonably related to the allegations of the charge and grow out of those allegations – the complaint must "at a minimum describe the same conduct and implicate the same individuals").

The Age Discrimination in Employment Act (ADEA) makes it unlawful to "discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). A plaintiff may prove discrimination through either direct or circumstantial evidence or the indirect burden-

shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 982 (7th Cir. 1999) (*Jackson*). Direct evidence is defined as "evidence, 'which if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption.'" *Plair v. E.J. Brach & Sons*, 105 F.3d 343, 347 (7th Cir. 1997) (citation omitted). In an employment discrimination case, direct evidence must speak directly to the issue of discriminatory intent, and it must relate to the specific employment decision in question. *Cowen v. Glenbrook Security Serv., Inc.*, 123 F.3d 438, 443 (7th Cir. 1997). Plaintiff has not presented any direct evidence of discrimination; thus, the focus is on the *McDonnell Douglas* burden-shifting method. *See Credo v. Zema Systems Corp.*, 944 F.Supp. 677, 682 (N.D.Ill. 1996) (Title VII and ADEA claims are analyzed according to *McDonnell Douglas*).

Under the *McDonnell Douglas* burden-shifting test, the plaintiff must first establish a *prima facie* case by the preponderance of the evidence. *Jackson*, 176 F.3d at 982. If the plaintiff establishes a *prima facie* case, a rebuttable presumption is created; and the employer must come forward with evidence of a legitimate, nondiscriminatory reason for its actions. If the employer meets this requirement, the burden shifts back to the plaintiff to demonstrate, again, by a preponderance of the evidence, that reasons proffered by the employer are actually a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804; *Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 394 (7th Cir. 1998) (*Adreani*).

To succeed on a claim under the ADEA, plaintiff must show that her age was a determining factor in the employer's decision. *See Adreani*, 154 F.3d at 393.

Plaintiff must establish that: (1) she was in a protected class (40 years of age or older (29 U.S.C. § 631(a)); (2) she performed her job duties such that she was meeting her employer's

4

legitimate expectations or was qualified for the job for which she applied; (3) despite her performance, she was discharged or not hired; and (4) similarly situated younger employees were treated more favorably. *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir. 1995).

In the instant case, Plaintiff has established that she is in a protected class. Plaintiff has also alleged, and Defendants have not disputed, that she was meeting her employer's legitimate expectations and that she was discharged. However, Plaintiff has failed to establish that similarly situated employees were treated more favorably.

Plaintiff alleges that a younger person was hired two days before she was laid-off. However, Plaintiff presents nothing to demonstrate that the individual hired was similarly situated to the Plaintiff. Accordingly, Plaintiff has failed to establish a *prima facie* case of discrimination.

Assuming argumendo, that Plaintiff had established a *prima facie* case, Plaintiff's claim still fails because she has failed to establish that Freeman's legitimate, nondiscriminatory reason for its action was actually a pretext for discrimination. Here, the alleged nondiscriminatory reason for Plaintiff's discharge was a lack of work. While Plaintiff alleges that there was not a reduction in the volume of business, she admits that neither Freeman nor any other employee took any action against her based on her age. This admission is fatal to Plaintiff's claim of age discrimination.

For the foregoing reasons, Freeman's Motion for Summary Judgment is granted. In light of this ruling, Freeman's Motion to Dismiss Pursuant to Rule 37(d) is denied as moot.

Dated: November 12, 2002

JOHN W. DARRAH
United States District Judge

5